UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14046-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY DALE REID,

    Defendant.
_____/

FILED by ___ D.C.

FEB 19 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 15-5024]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Mr. Garcia, his Motion for Authorization to Waive Statutory Maximum For Attorneys Fees attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has adjusted the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. The Administrator has adjusted these to correctly reflect the time devoted to each task and the applicable hourly rate which varied during the time that the Defendant was represented by Mr. Garcia.

    2.    Based upon these adjustments, the CJA Voucher seeks reimbursement of 4.0 hours of in-court time totaling $508.00. The voucher seeks reimbursement of out-of-court time of 145.9 hours totaling $18,529.30. Therefore, the total amount of attorney's fees sought as adjusted by the CJA Administrator is $19,037.30 which exceeds the statutory cap of $9,900.00. This Court notes that travel expenses in the amount of $1,531.80 together with other expenses in the amount of $78.55 are listed on the voucher as well.

There appears to be sufficient reason to have incurred those expenses and the documentation appears to be sufficient to support the request for reimbursement of those two categories of expenses. Therefore, this Court will address only the attorney's fees issues further.

3. Mr. Garcia attaches a Motion for Authorization to Waive Statutory Maximum for Attorneys Fees explaining why his voucher exceeds the statutory cap. This Court has reviewed his voucher, the attachments, as well as his Motion. There were no extensive hearings in this case. Representation by Mr. Garcia began in September 2015. The Defendant entered a change of plea before this Court on October 26, 2015. This Court issued its Report and Recommendation to the District Court in respect to that change of plea. The Defendant was thereafter sentenced by the District Court on December 21, 2015.

4. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings including the Defendant's change of plea hearing as referenced above.

5. The attorney's fees sought by Mr. Garcia exceed the statutory cap of $9,900.00 as recently adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. In doing so, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

6. While the underlying charges against the Defendant in this case were of a very serious nature, that in and of itself does not result in the case being classified as

"complex" and/or "extended" as defined in the case law which this Court must follow. This Court does not dispute that there may have been voluminous discovery in this case and some issues which had to be resolved at the time of sentencing. Nevertheless, those issues do not raise this case to the level of being "complex" or "extended."

7. This Court remains guided by the definitions previously established concerning what is considered to be "complex" or "extended." An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

8. This Court cannot in good faith find this case to be either "extended" or "complex." The case proceeded in a normal fashion. As referenced herein, there were no extensive hearings nor evidentiary issues decided by this Court nor the District Court. The case was resolved by way of entry of a guilty plea by the Defendant. Therefore, this Court finds that this case does not qualify as either extended or complex as set forth in the guidelines this Court is required to follow.

9. As always, this Court appreciates the willingness of Mr. Garcia and other competent counsel to offer their services to the Court for appointment under the Criminal Justice Act when there is conflict with the Federal Public Defender. In reviewing CJA vouchers, this Court must perform a gatekeeper function to balance the entitlement of a particular defendant to competent representation and the ability of the court appointed counsel to be fully compensated. However, this Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent

defendant, fully mindful that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has seen fit to reduce the amounts of funds for defender services nationwide over the past several years, including funds for payment of Criminal Justice Act conflict counsel. This Court must make certain that defense counsel is adequately compensated, even if it does not represent full compensation for services rendered. Additionally, this Court must make certain that such amounts exceeding the statutory cap as requested herein by Mr. Garcia are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs this Court's review of such matters.

10. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is under the present budgetary constraints.

11. In reducing the amount sought by Mr. Garcia to the statutory cap of $9,900.00 plus travel and other expenses, this Court is not questioning in any way the tasks performed nor the time devoted to those tasks. This Court is required to merely make a determination that under the statutory framework and definitions which this Court is required to follow, that this case does not meet the definitions of either being "extended" nor "complex." By doing this, this Court is hoping to make certain that in the future there will be funds available for other indigent defendants who have not yet been arrested or charged. In other words, courts cannot deplete all of the defender services as we go along and then try to figure out a way to compensate counsel for those other indigent defendants in the future who will also need court appointed counsel.

12.     As a result of the foregoing findings, Mr. Garcia's recovery of attorney's fees is limited to the statutory cap of $9,900.00 plus travel expenses in the amount of $1,531.80 and other expenses in the amount of $78.55, for a total sum of $11,510.35.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 15-5024 be **GRANTED** insofar as Mr. Garcia be awarded the statutory maximum of $9,900.00 as reasonable attorney's fees together with travel expenses in the amount of $1,531.80 and other expenses in the amount of $78.55, for a total sum of $11,510.35.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _19th_ day of February, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Ruben M. Garcia, Esq.
Jean Vera, Court Reporter Coordinater/CJA Deputy Clerk